## CIRCUIT COURT OF ROANOKE COUNTY

Pamela Ennis Huff

v.

Michael G. Winston,
Sheriff

January 15, 2015

Case No. CL14-587

By Judge David B. Carson

The parties are before the Court on Plaintiff's Motion to Compel discovery of electronically stored information ("ESI"). I have reviewed written materials submitted by Plaintiff, heard oral argument at a hearing on January 6, 2015, and have researched what little state court case law that exists regarding discovery of ESI. For the reasons that follow, I grant in part and deny in part Plaintiff's motion.

### Factual Background

From November 2001 to October 2012, Pamela Huff, the Plaintiff, was a deputy for the Roanoke County Sheriff's Office. During that time, Huff also served as an Army Reservist and deployed overseas three times, including a tour to Afghanistan in March 2010. Huff alleges that Defendant, Michael Winston, in his official capacity as Roanoke County Sheriff, discriminated against and ultimately terminated Huff's employment based on her military obligations and/or the resulting physical and mental injuries Huff claims to have suffered in Afghanistan.

Huff claims that Captain Tayloe and Major Poff specifically targeted her because she required accommodation under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Huff alleges, *inter alia*, that she was subjected to unwarranted Fitness for Duty Evaluations, was forced to take unpaid administrative leave, was denied light duty, and was ultimately fired based on her combat-related injuries and/or in retaliation for her USERRA complaints.

Huff filed suit against Defendant in April 2014. The parties have engaged in written discovery, including requests by Plaintiff for ESI from Defendant.

The ESI, to the extent relevant ESI exists, was apparently created and ultimately stored on a Roanoke County computer system, which was (and is) utilized by the Sheriff's Office.

Defendant argues that Roanoke County is separate from the Roanoke County Sheriff's Office and Defendant thus should not be required to produce ESI from this "third party."

If this were a true third-party situation in which both Plaintiff and Defendant were on equal footing with respect to access to the ESI source(s), then I would be inclined to agree with Defendant. However, under the circumstances, I do not view this as a true third-party situation and thus reject Defendant's argument. Specifically, Plaintiff has identified custodians, a time frame, and specific Boolean search terms she would like Defendant to utilize in compiling the requested ESI pertaining to Plaintiff. The specific search terms suggested by Plaintiff are as follows:

Search 1: Pamela OR Huff;

Search 2: Pamela OR Huff AND Injured OR Injury OR Health OR Brain OR Heart Attack OR Nose OR Break OR Broken OR Hip OR Spine OR Trauma OR IED OR Improvised Explosive Device OR Post Traumatic Stress Disorder OR PTSD OR Major Depressive Disorder OR Depression OR VA Medical Center OR Veterans Affairs OR VA OR Salem VA OR Claustrophobia OR Nightmares OR Flashbacks OR Crying OR Cry OR Cried OR Panic Attack OR Disability OR Disabled OR Fitness for Duty OR Evaluation OR Fit for Duty OR Counseling OR Treatment OR Leave OR Administrative OR Grievance OR Sanjay OR Vesadeva OR Susan OR Duma OR William OR Tingler OR Karen OR Wilson OR Strosnider OR Light Duty OR Full Duty OR Full Time OR Full-Time OR Part Time OR Part-Time OR Short Term Disability OR Long Term Disability OR Part Time Deputy OR Discriminate OR Retaliate; and

Search 3: Army OR Reserves OR Deploy OR Deployed OR Deployment OR Active OR Duty OR Afghanistan OR Combat OR Tour OR USERRA OR ESGR OR Employer Support of Guard and Reserve OR Norwood OR Allen.

Defendant has objected that the three separate sets of Boolean search terms proposed by Plaintiff likely will yield an unduly burdensome amount of electronic communication, which may not be easily retrieved or reviewed because of the electronic format in which it is stored. Defendant further argues that all or most of the ESI arising out of Search 2 will not pertain to the Plaintiff and is thus either not relevant and/or raises privacy concerns

with respect to the individuals identified on the ESI. Finally, Defendant argues that retrieving, reviewing, compiling, and producing the ESI will create an unreasonable expense to Defendant.

*Analysis*

There is a dearth of Virginia case law on the subject of ESI discovery. The state court rules that address the subject are set forth in Rule 4:1(a) (specifically approving discovery of ESI), Rule 4:1(b)(1) (confirming that parties may conduct discovery with respect to relevant matters or regarding matters that are reasonably calculated to lead to the discovery of admissible evidence), and 4:1(b)(7) (describing potential limitations on ESI discovery and burdens of proof in the event a party objects to discovery of ESI).

In short, the Rules contemplate that parties may discover ESI that is relevant or reasonably calculated to lead to the discovery of admissible evidence. The responding party must provide the requested ESI unless the responding party establishes that the ESI "is not reasonably accessible because of undue burden or cost." Va. Sup. Ct. R. 4:1(b)(7).

In evaluating this or any discovery dispute, of critical importance to this Court and consistent with the Rules governing discovery of ESI, is the concept of reasonableness. Therefore, in assessing what discovery will proceed and how it shall be paid for, the inquiries I will make are as follows:

1. Is the contemplated discovery reasonably calculated to lead to the discovery of admissible evidence?

2. Is the discovery reasonably narrow in its scope?

3. If the responding party is objecting to the discovery on the basis that it is burdensome or costly, what is the burden to the responding party as compared to the potentially prejudicial effect to the requesting party if the discovery is limited or quashed?

4. After some showing by the responding party regarding the estimated cost of production, is it most reasonable to leave the costs associated with production with the responding party or is some shifting of costs more reasonable or, in a particular case, is it most reasonable to simply determine that production costs are a taxable cost that the court can award to the prevailing party at the conclusion of the litigation?

5. Finally, in their dealings leading up to their appearance in court, have the parties conferred and reasonably attempted to resolve their dispute as specifically contemplated by Rule 4:12(a)(2)?

In this case, Defendant has not objected to Plaintiff's discovery request on relevance grounds, so that inquiry need not be addressed.

Huff seeks production of ESI from seven custodians, which the Court finds under the circumstances presented is reasonable in scope. Huff has asked for this ESI from December 1, 2009, through October 5, 2012. Considering her military deployment and civilian employment timelines, the Court finds that this time period is also reasonable in scope.

With respect to the parameters of the actual search, I am frankly confused about how Search 2 could produce such a large number of "hits" as compared to Search 1. Specifically, Search 2 is supposed to actually limit Search 1 by conjunctively adding to Search 1 a series of terms in the disjunctive. This unusual Boolean result is left unexplained by counsel, so I am left to conclude that the unusual result with Search 2 must be the product of user error wherein the computer processed the series of terms all in the disjunctive, rather than limiting the series of disjunctives with a conjunctive (viz., "AND") after Plaintiff's name. Had Search 2 been completed successfully as contemplated by both parties (with a conjunctive), then any and all results from Search 2 would necessarily be included in Search 1. Therefore, common sense and an eye towards both simplicity and reasonableness lead me to jettison altogether the logic-defying Search 2. This ruling also implies that the Court would find Search 2 unreasonable in scope had it not included the conjunctive "AND" where it did.

Without Search 2 included in Plaintiff's discovery request, Search 1 and Search 3 appear reasonably calculated to lead to the discovery of admissible evidence. The parties seemingly agree with this conclusion, and the Court concludes the same.

The parties have not specifically addressed inquiries 3 and 4, although Defendant has suggested that searching each of the seven work stations would take one hour at an estimated cost of $75 per hour. Based on the limited information before me regarding cost, I am not willing at this time to shift any production costs from Defendant to Plaintiff.

Finally, it appears that the attorneys involved in this matter have reasonably conferred with each other in an effort to resolve their dispute. Therefore, I am not willing at this time to alter my ruling for or against either party based on any failure to reasonably confer with each other.

Having found that the number of custodians, the contemplated timeframe, and that the search criteria in Search 1 and Search 3 are reasonable, the only remaining issues are privacy concerns as well as concerns regarding the format of any ESI that is produced.

Defendant is justified in being concerned about producing information that is otherwise private and/or confidential. Nevertheless, as is done on a daily basis in courts across the country, I will direct that counsel enter into a protective order regarding any ESI Defendant produces that protects unrelated persons who might otherwise be included in the ESI and thus allay Defendant's concerns about producing the ESI.

The final issue, which concerns the format of any ESI that Defendant is to produce, is the one the Court is least competent to address. While I certainly have the authority to direct the precise manner in which discovery is to be accomplished, it does not seem to me to be very practical or reasonable to dictate how ESI should be produced, particularly because I suspect that there are dozens of ways in this electronic age that the end result can be achieved.

With the above in mind, what seems to me to be most reasonable under the circumstances is to have Defendant produce the requested ESI in any electronic format Defendant chooses, so long as that format is both useable and searchable.

Accordingly, I direct counsel to confer and submit an Order consistent with this letter along the following lines:

1. At Defendant's cost and pursuant to an appropriate protective order, Defendant is to produce in searchable and useable form all ESI from all repositories of the seven custodians in question from December 1, 2009, through October 5, 2012, utilizing search terms contained in Plaintiff's proposed Search 1 and Search 3.

2. Defendant shall produce the ESI described in the previous paragraph by no later than February 20, 2015.

3. The protective order contemplated by my ruling shall include, at a minimum, a provision requiring the non-disclosure and ultimate destruction of any private information contained in the ESI, as well as a provision that any and all ESI produced by Defendant shall be without waiver of any objection that Defendant may later assert on any grounds, including privilege.

Counsel will quickly discern that this letter and the associated "rulings" do not address every conceivable ruling that might be necessary to accomplish the discovery as contemplated by Plaintiff. For example, beyond what I have stated, I am not presently making any ruling regarding the contents of the protective order.

My purposefully limited rulings stem from the reality that ESI matters are inherently complex, involving multifaceted and ever-changing technology, which necessarily requires communication and compromise between counsel in the event of a dispute. With this reality in mind, the Court would be foolish to think it can identify and address every conceivable discovery issue, ESI or otherwise. Thus, I both contemplate and expect that counsel will confer with one another to shore up any remaining details in order to comply with my rulings, *supra*.

Last, I deny Plaintiff's request for attorney's fees in connection with her Motion. I do not feel that Defendant or his counsel have been unreasonable and/or acted in bad faith to date. Going forward, however, I will not be so dismissive of a request for attorney's fees from either party arising out of a discovery dispute, ESI or otherwise, particularly, if I conclude that either party has not conducted himself, herself, or itself reasonably and in good faith regarding a resolution of any future issues that may arise.

## Conclusion

Plaintiff's Motion to Compel, as outlined above, is granted in part and denied in part.